### 13756. WOOD v. THE STATE.

BROYLES, C. J. 1. In a felony case where an accomplice testifies, and where the testimony of another witness, who is not an accomplice, directly connects the defendant with the perpetration of the offense charged, the failure of the court to charge, without request, upon the subject of corroboration of an accomplice, is not error. *Robinson* v. *State*, 84 *Ga.* 674 (11 S. E. 544).

(*a*) This is true although the defense may introduce evidence tending to impeach the witness who is not an accomplice. It is well settled that a jury can believe a witness although undisputed testimony tending to impeach him has been introduced. Under this rule, conceding (but not deciding) that one of the witnesses for the State was an accomplice of the defendant, the court did not err in failing to instruct the jury upon the rule of corroboration of an accomplice.

2. The evidence authorized the verdict and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*
DECIDED NOVEMBER 14, 1922.

Indictment for larceny of cow; from Wilkes superior court — Judge Shurley. May 20, 1922.

Application for certiorari was denied by the Supreme Court.

*Hugh E. Combs,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.